## In Re Anonymous No. 28 D.B. 78

Disciplinary Board Docket no. 28 D.B. 78.

ELLIOTT, *Board Member,* November 25, 1981—Pursuant to Pennsylvania Rule of Disciplinary Enforcement 208(d), the Disciplinary Board of the Supreme Court of Pennsylvania (board) submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On April 24, 1978, respondent [   ] pleaded guilty to a criminal charge of unsworn falsification to authorities (18 C.P.S.A. §4904) in the [   ] Court of Common Pleas. The charge stated that respondent, "with intent to mislead a public servant in per-

forming his official function, did make a written false statement which he did not believe to be true." Other charges were dismissed as a result of a plea bargain. The Honorable [ ] sentenced respondent to two years probation and to pay a fine of $10.

On June 9, 1978, the Supreme Court of Pennsylvania suspended respondent from the practice of law pursuant to Pennsylvania Rule of Disciplinary Enforcement 214(a) and referred the matter to this board for a determination of the extent of the final discipline to be imposed. A hearing was held before a hearing committee which, on August 17, 1981, recommended that respondent be suspended from practice for five years effective on June 9, 1978.

## II. STATEMENT OF FACTS

The facts giving rise to respondent's criminal conviction and suspension from practice stem from his involvement in an adoption case. Respondent's primary disciplinary offense was a misrepresentation of his fee arrangement to the Family Court Division of the [ ] Court of Common Pleas. [Respondent] entered into an agreement with the adopting parents for a total fee of $4,250 for the adoption, including finding the baby. He then filed a report with the court falsely representing his fee as $350 plus $450 for post natal care expenses. [Respondent's] law partner counselled the adopting parents to testify falsely before Judge [ ] regarding the amount of the fees and they did so. The record further indicates that the $450 identified as post natal care expenses was apparently never paid to the child's mother or to the people who rendered post natal care, but rather it was kept by [Respondent's] firm.

The hearing committee found violations of D.R. 1-102(A)(3) through (5) and D.R. 7-102(A)(3) and

(5). Respondent excepted to the recommendation of a five-year suspension, contending that he is 77 years old, has practiced law for 50 years and "wants to die a lawyer." He is also in poor health. Furthermore, he contends that he has been adequately disciplined, having been suspended for over three years already and having suffered the ignominy of a criminal conviction. Respondent offered several character witnesses, including Federal Judges [ ] and [ ], all of whom testified that his character was good.

## I. DISCUSSION

Pennsylvania Rule of Disciplinary Enforcement 214(c) provides that the only issue to be decided by the board is the extent of the final discipline to be imposed. The board fully appreciates respondent's desire to "die a lawyer" and has given due consideration to his advanced years and fragile health. While these factors and the undisputed testimony of his good character in general are relevant to the determination of the extent of discipline, such evidence should not be used to reduce substantially the otherwise appropriate discipline. This type of evidence, directed toward mitigating the discipline, is clearly distinguishable and entitled to less weight than evidence which partially excuses or shows a lesser culpability for the actual disciplinary offense. Here respondent admits the offense and has offered no evidence which would cast his specific, unethical conduct in any better light.

Furthermore, respondent's disciplinary offense itself is a very serious one and under other circumstances may warrant discipline harsher than that recommended by the hearing committee. The judicial system relies in large measure on the representations by lawyers in open court and in

pleadings and other documents. A direct and knowing misrepresentation to a court on a significant matter, as is the case here, is one of the most serious disciplinary violations and cannot be treated lightly. For these reasons, the board affirms the recommendation of the hearing committee.

## IV. RECOMMENDATION

The board respectfully recommends to your honorable court that respondent [ ] be suspended from the practice of law for five years commencing June 9, 1978.

## ORDER

PER CURIAM, December 10, 1982—There having been issued by this court a rule dated February 26, 1982, to show cause why [Respondent] should not be disbarred from the practice of law, upon consideration of the briefs filed and oral argument presented, it is ordered that the rule be and is hereby discharged; and it is further ordered that said [Respondent] be and is hereby suspended from the Bar of the Commonwealth for a period of five years commencing June 9, 1978, and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

Mr. Justice Larsen, Mr. Justice Flaherty and Mr. Justice Hutchinson would disbar.